Allen J. Baden (State Bar No. 255805)
EDGE LAW GROUP
236 N Santa Cruz Ave Ste 228
Los Gatos CA 95030-7279
Telephone:     (408) 827-4461
Facsimile:     (408) 827-4296
Email:         abaden@EdgeLawGroup.com

Attorney for Plaintiffs
FARALLON RISK GROUP LLC
and PLAINTIFF CARY SHOLER

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT OAKLAND

| | |
|---|---|
| FARALLON RISK GROUP, LLC, and CARY SHOLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>VERGENCE ENTERTAINMENT LLC, FHS LEGACY CORPORATION, ROBERT FEENEY and BRENT W. BARKLEY, individuals, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C12-03568 (DMR)<br><br>First Amended Complaint for:<br><br>1. Breach of Contract; and<br><br>2. Deceptive and Unfair Business Practices; and<br><br>3. Related Claims<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Farallon Risk Group, LLC ("FRG") and Cary Sholer ("Sholer") (FRG and Sholer collectively referred to as "Plaintiffs"), for their Complaint against Defendants Vergence Entertainment, LLC, FHS Legacy Corporation, Robert Feeney, Brent W. Barkley, and Does 1 through 10 (collectively, "Defendants"), allege as follows, with knowledge concerning their own acts and on information and belief concerning the acts of others:

**I.   NATURE OF THIS ACTION**

1.   This action seeks to address Defendants' individual and collective acts of breach of contract, fraud, negligent misrepresentation, unjust enrichment and deceptive and unfair business practices. Plaintiffs seek injunctive relief and monetary damages.

**FIRST AMENDED COMPLAINT C12-03568 (DMR)**

BEFORE THE SECURITIES COMMISSIONER

STATE OF COLORADO

Case No. XY 07-CD-08

**STIPULATION FOR CONSENT CEASE AND DESIST ORDER CONCERNING F-H-S LEGACY CORPORATION, VERGENCE ENTERTAINMENT, LLC, ROBERT J. FEENEY AND BRENT W. BARKLEY**

IN THE MATTER OF F-H-S LEGACY CORPORATION, VERGENCE ENTERTAINMENT, LLC, ROBERT J. FEENEY, BRENT W. BARKLEY AND STEVE GAMES,

Respondents

   The Staff of the Colorado Division of Securities ("Staff") by and through counsel, the Colorado Attorney General, and Respondents F-H-S Legacy Corporation, Vergence Entertainment, LLC, Robert J. Feeney and Brent W. Barkley (collectively, the "Respondents") hereby enter into this Stipulation for Consent Cease and Desist Order in this matter as follows:

   1.  On June 1, 2007, the Staff filed its Verified Petition for Order to Show Cause Directed to F-H-S Legacy Corporation, Vergence Entertainment, LLC, Robert J. Feeney, Brent W. Barkley and Steve Games ("Verified Petition"). The Staff alleged that Respondents offered securities in and from the State of Colorado in violation of the registration and licensing requirements of the Colorado Securities Act (Act), §§ 11-51-301 and 401, C.R.S. respectively.

   2.  Pursuant to the Verified Petition, the Securities Commissioner issued an Order to Show Cause why the Commissioner should not enter a final order directing each of the Respondents to cease offering and selling securities in the State of Colorado, and imposing such other terms, conditions and sanctions as provided in § 11-51-606(1.5)(d)(IV), C.R.S.

   3.  As provided in the Order to Show Cause, a hearing was scheduled for June 18, 2007 at 3:00 p.m. That hearing has not been held and the Securities Commissioner has not yet entered a final order pursuant to § 11-51-606(1.5)(d)(IV), C.R.S.

   The Staff and Respondents desire to resolve this matter without further litigation and prior to the entry of a final order by the Securities Commissioner, and hereby stipulate and agree as follows:

   4.  The Securities Commissioner has jurisdiction over Respondents and the subject matter of this action.

5. Respondents agree to the entry of a Consent Order in the form attached hereto as Exhibit A and incorporated by reference.

6. By entering into this Stipulation, Respondents neither admit nor deny that any of the allegations or grounds set forth in this Stipulation or the Verified Petition are true.

7. By entering into this Stipulation, each Respondent understands that he has the right to notice and a formal hearing pursuant to § 11-51-606(1) and (1.5), C.R.S., the right to be represented by counsel of their choice, the right to present a defense through oral or documentary evidence, and to cross-examine witnesses, and to findings required by § 11-51-606(1.5), C.R.S. at such hearing. By entering into this Stipulation, Respondents expressly waive the rights set forth in this Paragraph 7, and further waives the right to seek judicial review of the Cease and Desist Consent Order entered pursuant to this Stipulation.

8. Respondents acknowledge that each of them has entered into this Stipulation voluntarily, after the opportunity to consult with counsel, and with the understanding of the legal consequences of this Stipulation and Consent Cease and Desist Order.

9. Each Respondent hereby waives the findings required by § 11-51-606(1.5)(d)(IV), C.R.S.; and pursuant to § 11-51-704(2), C.R.S., each Respondent agrees that entry of this Consent Cease and Desist Order is necessary and appropriate in the public interest and is consistent with the purposes and provisions of the Act.

10. Each Respondent agrees that the execution of this Stipulation and the entry of the Consent Cease and Desist Order resolves only the relief sought in the Verified Petition pursuant to § 11-51-606(1.5)(d)(IV), C.R.S. as to the Respondents and does not preclude any claim for relief that the Staff or the Commissioner may assert under any other provision of the Act.

11. Respondents further acknowledge that any violation of this Stipulation or Consent Order when issued may constitute grounds for further sanctions and formal proceedings against them for such violation.

The remainder of this page intentionally left blank.

**F-H-S LEGACY CORPORATION**

_____ 6/18/07
Robert J. Feeney, Owner of F-H-S Legacy Corporation

Subscribed and sworn before me this 18 day of June, 2007 by Robert J. Feeney, as Owner of F-H-S Legacy Corporation

_____
Notary Public

CATERNIA SOLOMON
Commission # 1469153
Notary Public - California
Los Angeles County
My Comm. Expires Feb 8, 2008

**VERGENCE ENTERTAINMENT, LLC**

_____ 6/18/07
Robert J. Feeney, President of Vergence Entertainment, LLC

Subscribed and sworn before me this 18 day of June, 2007 by Robert J. Feeney as President of Vergence Entertainment, LLC

_____
Notary Public

CATERNIA SOLOMON
Commission # 1469153
Notary Public - California
Los Angeles County
My Comm. Expires Feb 8, 2008

**ROBERT J. FEENEY**

_____ 6/18/07
Robert J. Feeney

Subscribed and sworn before me this 18 day of June, 2007 by Robert J. Feeney

_____
Notary Public

CATERNIA SOLOMON
Commission # 1469153
Notary Public - California
Los Angeles County
My Comm. Expires Feb 8, 2008

**BRENT W. BARKLEY**

_____ 8/18/07
Brent W. Barkley

Subscribed and sworn before me this 18 day of June, 2007 by Brent W. Barkley

_____
Notary Public

CATERNIA SOLOMON
Commission # 1469153
Notary Public - California
Los Angeles County
My Comm. Expires Feb 8, 2008

STATE OF CALIFORNIA

BUSINESS, TRANSPORTATION AND HOUSING AGENCY

DEPARTMENT OF CORPORATIONS

TO: FHS Legacy Corporation
Vergence Entertainment, LLC
Robert J. Feeney
Jeff E. Haas
Brent W. Barkley
655 North Central Avenue, Suite 1700
Glendale, California 91203

## DESIST AND REFRAIN ORDER

### (For violations of sections 25110 of the Corporations Code)

The California Corporations Commissioner finds that:

1. At all relevant times, FHS Legacy Corporation ("FHS") was a privately held think tank and holding company, specializing in bringing intellectual properties (I.P.s) designed to appeal to "mainstream" consumers worldwide to market.

2. Vergence Entertainment, LLC ("Vergence") is a California limited liability company, formed on June 1, 2006, by FHS. According to Vergence's own website (www.vergence-ent.com), Robert J. Feeney, Brent W. Barkley, and Jeff E. Haas of FHS Legacy Corporation formed Vergence for the purpose of developing and marketing original, multi-media entertainment and technology properties. FHS manages Vergence.

3. Robert J. Feeny ("Feeny"), according to FHS's website (www.fhslegacy.com), is the co-founding President of FHS and Vergence.

4. Brent W. Barkley ("Barkley"), again according to FHS's website, is a co-founder of FHS who manages both FHS and Vergence.

5. Jeff E. Haas ("Haas"), according to FHS's website, is a co-founder of FHS and Vergence.

6. Both the two business entities and the three individuals identified above have a business address of 655 North Central Avenue, Suite 1700, Glendale, California 91203

7. Beginning in or about June 2006, and continuing to the present, FHS, Vergence, Feeney,

1   Barkley, and Haas offered and sold securities in the form of limited liability company interests in
2   Vergence Entertainment, LLC, by cold calling, internet chatting, word of mouth and other forms of
3   general solicitation.
4   8.   The securities are not qualified in the state of California and are not exempt from the
5   qualification requirement.
6   9.   The securities were offered and sold in this state in issuer transactions.  The Department of
7   Corporations has not issued a permit or other form of qualification authorizing any person to offer and
8   sell these securities in this state.
9         Based upon the foregoing findings, the California Corporations Commissioner is of the opinion
10  that the limited liability company interests in Vergence Entertainment, LLC that are being and have
11  been offered and sold by FHS Legacy Corporation, Vergence Entertainment, LLC, Robert J. Feeney,
12  Jeff E. Haas and Brent W. Barkley, are securities subject to qualification under the California
13  Corporate Securities Law of 1968 and are being or have been offered and sold without being qualified
14  in violation of Corporations Code section 25110.  Pursuant to section 25532 of the Corporate
15  Securities Law of 1968, FHS Legacy Corporation, Vergence Entertainment, LLC, Robert J. Feeney,
16  Jeff E. Haas and Brent W. Barkley, are hereby ordered to desist and refrain from the further offer or
17  sale in the State of California of securities, including but not limited to limited liability company
18  interests, unless and until qualification has been made under the law or unless exempt.
19        This Order is necessary, in the public interest, for the protection of investors and consistent
20  with the purposes, policies, and provisions of the Corporate Securities Law of 1968.

Dated:   May 11, 2009
            Sacramento, California

                                    PRESTON DuFAUCHARD
                                    California Corporations Commissioner


                                    By_____
                                        Alan Weinger
                                        Acting Deputy Commissioner
                                        Enforcement Division

## II. THE PARTIES

2. Plaintiff Farallon Risk Group is now, and at all times mentioned in this complaint was, a limited liability corporation organized and existing under the laws of the State of Nevada, with offices in Contra Costa County, California, and King County, Washington.

3. Plaintiff Sholer is now and at all times mentioned in this Complaint was an individual residing in Contra Costa County, California and King County, Washington. Sholer is the managing member of FRG and has pledged and expended significant personal assets and monies to the entity and in an effort to insure that FRG's debts are timely paid.

4. Defendant Vergence Entertainment LLC ("Vergence") was formed as a limited liability corporation in the State of California; according to the online records of the California Secretary of State, Vergence LLC's status is "active" and its agent of record is Executive On The Go, Inc. (C2446434), having an address of 9020 Reseda Blvd., Ste 105B, Northridge, CA 91324.

5. Defendant FHS Legacy Corporation ("FHS") is a corporation of unknown formation and status that identifies its address as Post Office Box 9271, Glendale, California 91226-0271. According to online sources, Robert J. Feeney, Brent W. Barkley and Jeff E. Haas of FHS Legacy Corporation formed Vergence for the purpose of developing and marketing original, multi-media entertainment and technology properties. FHS manages and controls Vergence along with the other named and unknown individual defendants. In fact, a statement on the FHS website (www.fhslegacy.com) provides, "Visit our newly formed affiliate company, Vergence Entertainment LLC." Vergence and FHS are alter egos of one another and each is jointly and severally liable for the acts of the others.

6. Defendant Robert Feeney ("Feeney") is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California having a business address at 655 North Central Avenue, Suite 1700, Glendale, California 91203. According to FHS' website (www.fhslegacy.com), Feeney is the co-founding President of FHS and Vergence.

7. Defendant Brent W. Barkley ("Barkley") is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California having a business address at 655 North Central Avenue, Suite 1700, Glendale, California 91203. Again

-2-

**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

according to FHS' website, Barkley is a co-founder of FHS who manages both FHS and Vergence.

8. FHS and Vergence are alter egos of Feeney and Barkley, each of whom has controlled and wrongfully benefited from the actions of FHS and Vergence. Additional information regarding the interrelationship between and the historic business practices of these defendants may be found in the Desist and Refrain Order (for violations of sections (sic) 25510 of the Corporations Code) dated May 11, 2009 attached as <u>Exhibit A</u> to this Complaint, and in the State of Colorado Stipulation for Consent Cease and Desist Order Concerning F-H-S Legacy Corporation, Vergence Entertainment, LLC, Robert J. Feeney and Brent W. Barkley dated on or about June 18, 2007 attached as <u>Exhibit B</u> to this Complaint.

9. The true names and/or capacities, whether individual, corporate, partnership, and/or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and Plaintiffs' damages as alleged herein were proximately caused by their conduct. In doing the acts complained of herein, each of the fictitiously named Defendants was acting as the supervisor, contractor, employer, agent, servant, or employee of each of the other Defendants and each of the remaining fictitiously named Defendants was at all times mentioned herein acting within the scope of such agency and/or employment.

### III.     JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction for the causes of breach of contract, fraud, negligent misrepresentation, unjust enrichment and deceptive and unfair business practices pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs; and pursuant to the principles of supplemental jurisdiction codified in 28 U.S.C. § 1367(a).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

### IV. INTRADISTRICT ASSIGNMENT

12. Assignment in the Oakland division of the United States District Court for the Northern District of California is proper pursuant to Rule 3-2(d) of the Civil Local Rules because a substantial part of the events giving rise to the claims alleged arose in Contra Costa County, California.

### V. GENERAL ALLEGATIONS

13. On February 2, 2011, FRG and Vergence entered into a written agreement whereby Plaintiffs would provide certain services to Vergence and its customer Puget Sound Energy ("PSE"), and Vergence would compensate FRG with periodic payments based on the number of hours worked by FRG contractors and employees, including Sholer. The terms of this agreement stated that Vergence would provide payment within 20 days after receipt of FRG's invoice of expenses and hours worked. Vergence also agreed to reimburse FRG for reasonable expenses incurred in providing services to Vergence and PSE, such as travel expenses.

14. FRG and Vergence subsequently entered into a second agreement and contract, wherein Plaintiffs would provide services to NV Energy Inc., Nevada Power Company ("NPC"), Sierra Pacific Power Company ("SPPC") (collectively owned by NV Energy Inc.) (Plaintiffs hereinafter collectively refer to NV Energy, Inc., NPC and SPPC as "NV Energy"), also Vergence customers, with Vergence to compensate FRG with periodic payments based on the number of hours worked by FRG contractors and employees, including Sholer. The terms of this agreement stated that Vergence would provide payment within 20 days after receipt of FRG's invoice of expenses and hours worked. Vergence also agreed to reimburse FRG for reasonable expenses incurred in providing services to Vergence and NV Energy, such as travel expenses.

15. The written agreements between FRG and Vergence remain in existence and FRG complied with and is in compliance with all of its obligations under those contracts.

16. FRG's work for Vergence and its customers PSE and NV Energy represents a substantial portion of Plaintiffs' actual and contemplated income.

**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

17. Starting on or about September 1, 2011 and on numerous occasions thereafter, in person, by telephone and by email, Sholer contacted Vergence (in particular, defendant Feeney) seeking payment of outstanding monies owned under the agreement between FRG and Vergence.

18. Over the next months and until the present, Feeney evaded multiple requests by Sholer for payment of outstanding monies due under the agreement. Feeney also repeatedly promised to pay FRG but failed to do so. On numerous occasions, Feeney fallaciously represented that payments would be forthcoming, in an effort to secure Plaintiffs' continued services, which directly benefitted Defendants and Vergence's customers PSE and NV Energy.

19. When Vergence did finally make payments to FRG, those payments represented but a fraction of the monies owed FRG. Additionally, Vergence has used proceeds from FRG's work for NV Energy to pay Plaintiffs for work they performed for PSE, in effect operating a Ponzi scheme in an effort to prop up Vergence revenues and fraudulently make the entity more attractive to potential investors and appease existing investors.

20. At the request of Vergence officials and its customers, Plaintiff Sholer has spoken with Vergence investors to allay their concerns about Vergence's finances. Vergence Inc. officials, including the individual Defendants, repeatedly promised Sholer that FRG would be paid, all the while knowing that they would or could not make those payments, in a deceptive scheme to insure Plaintiff's continued performance under the Vergence contracts with NV Energy and PSE.

21. The Defendants engaged and engage in a business practice of promising to pay contractors, but not paying them entirely and/or not paying them in a timely manner. Additionally, the Defendants have improperly and unlawfully used proceeds from unrelated contracts to pay Vergence's debts.

22. The Defendants have mislead investors, potential investors, customers, including NV Energy and PSE, regarding the disposition and value of proceeds and services offered by the Vergence's contractors, subcontractors and agents, including Plaintiffs.

**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

23.  As a result of Defendants failing to timely pay FRG, FRG and Sholer's relationship with their employees, contractors, creditors, customers and prospective customers has suffered significantly as Sholer has been forced to delay payments and work due to or for third parties. Indeed, in an effort to keep FRG afloat, Sholer has been forced to borrow money and use personal savings, almost all of which have been depleted as a result of Defendants' wrongful actions.

## VI. FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

24.  Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25.  FRG and Vergence entered into contracts.

26.  Plaintiffs did all, or substantially all of the significant things that the contracts required them to do.

27.  All conditions required for Defendants' performance of their obligations under the contracts occurred.

28.  Defendants, failed to do certain things required by the contracts, including providing Plaintiffs with compensation for all hours worked and reimbursement for expenses incurred in performing work for Defendants, PSE and NV Energy.

29.  Plaintiffs were harmed by Defendants' failure to perform their obligations under the contracts.

30.  As a proximate result of the acts of Defendants, Plaintiffs have suffered damages in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

## VII. SECOND CAUSE OF ACTION
## TORTIOUS BREACH OF CONTRACT

31.  Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 30 as though fully set forth herein

32.  "[A] tortious breach of contract ... may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to

breach the contract are tortious, involving deceit or undue coercion; or, (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." *Robinson Helicopter Co. v. Dana Corporation* 34 Cal.4th 979, 990 (2004).

33. The Defendants' breaches of contract were accompanied by the fraudulent acts described above. The means used to breach the contracts were accompanied by deceit. The Defendants breached their contracts with FRG intending or knowing that such a breach would cause severe, unmitigable harm in the form of mental anguish, personal hardship or substantial consequential damages to Plaintiff Sholer and monetary and reputational damages to FRG.

34. As a proximate result of the acts of the Defendants, Plaintiffs have suffered damages in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

### VIII. THIRD CAUSE OF ACTION
### FRAUD
### (CAL. CIV CODE §§ 1572 ET SEQ.)

35. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 34 as though set forth fully herein.

36. California Civil Code section 1572 provides as follows:

*Actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:*

1. *The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;*

2. *The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;*

3. *The suppression of that which is true, by one having knowledge or belief of the fact;*

4. *A promise made without any intention of performing it; or,*

5. *Any other act fitted to deceive.*

-7-

**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

37. Here, the Defendants represented to Sholer that FRG would be timely paid for Plaintiffs' services. The Defendants further represented that FRG would continue to be reimbursed for reasonable expenses incurred in providing services to Defendants, such as travel expenses.

38. Each of these representations was false.

39. The Defendants knew that these representations were false at the time that they made them.

40. The Defendants intended that Plaintiffs rely on these representations.

41. Plaintiffs relied on these representations.

42. As a proximate result of the acts of the Defendants, Plaintiffs have suffered damages in an amount according to proof.

43. The Defendants committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiffs, from an improper motive amounting to malice, and in conscious disregard of Plaintiffs' rights, in that the Defendants intentionally made false statements to Plaintiffs in order to convince Plaintiffs to continue providing services to Vergence, NV Energy and PSE. Thus, Plaintiffs are entitled to recover punitive damages from the Defendants.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as set forth below.

### IX. FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

44. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 43 as though set forth fully herein.

45. "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack* 181 Cal.App.3d 954, 962 (1986); *see also* Civil Code §1710(2).

46. The Defendants represented to Plaintiffs that the following facts were true: that Plaintiffs would be timely paid for Plaintiffs' services; and that Plaintiffs would continue to be reimbursed for reasonable expenses incurred in providing services to Defendants, NV Energy and PSE, such as travel expenses.

47. The Defendants had no reasonable grounds for believing these representations were true when they made them.

48. The Defendants intended that Plaintiffs rely on these representations.

49. Plaintiffs relied on these representations.

50. As a proximate result of the acts of the Defendants, Plaintiffs have suffered damages in an amount according to proof.

WHEREFORE, Plaintiffs prays for judgment against Defendants as set forth below.

### X.  FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT

51. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 50 as though set forth fully herein.

52. The Defendants' actions have been unjustly enriched at the expense and to the detriment of Plaintiffs.

53. As a proximate result of the acts of the Defendants, Plaintiffs have suffered damages in an amount according to proof.

WHEREFORE, Plaintiffs prays for judgment against all of the Defendants as set forth below.

### XI.  SIXTH CAUSE OF ACTION
### DECEPTIVE AND UNFAIR BUSINESS PRACTICES

54. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 53 as though set forth fully herein.

55. The Defendants' actions represent deceptive and unfair business practices at the expense and to the detriment of Plaintiffs.

56. As a proximate result of the acts of the Defendants, Plaintiffs have suffered damages in an amount according to proof.

57. The Defendants' acts of deceptive and unfair business practices have and are irreparably harming Plaintiffs.

58. Unless enjoined, the Defendants' deceptive and unfair business practices will continue to harm irreparably Plaintiffs.

WHEREFORE, Plaintiffs prays for judgment against the Defendants as set forth below.

## XII. DAMAGES

59. As a proximate result of the Defendants' conduct, Plaintiffs have suffered economic loss.

60. As a further proximate result of the Defendants' conduct, Plaintiff Sholer has suffered emotional and mental distress, anxiety, humiliation and embarrassment.

61. Because of the actions of the Defendants, Plaintiffs were required to retain private counsel to vindicate their rights under law. Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of their rights.

62. Defendants have been unjustly enriched from the unpaid efforts of the Plaintiffs and the circumstances are such that equity and good conscience require Defendants to make restitution to Plaintiffs.

63. The Defendants, individually and collectively, currently owe Plaintiffs in excess of one hundred forty thousand dollars, plus interest thereon.

64. To the extent the contracts between FRG and Vergence are not enforceable against Vergence customers, Vergence owes FRG for Plaintiffs' services under the theory of *quantum meruit*.

65. As a result of the conduct of the Defendants, as set forth above, Plaintiffs also have been damaged in an amount exceeding $250,000.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests relief from Defendants as follows:

1. For compensatory damages for lost wages, earnings, and benefits, according to proof;

2. For general damages for humiliation, mental anguish and emotional distress to Plaintiff Sholer, according to proof;

3. For consequential damages, according to proof;

4. To the extent the contracts between FRG and Vergence are not enforceable against NV Energy and PSE, Vergence owes FRG for Plaintiffs' services under the theory of *quantum meruit*.

5. For punitive damages on all causes of action against the Defendants except Plaintiffs' causes of action for breach of contract and for negligent misrepresentation, according to proof;

6. For interest on all payments outstanding under the contracts at the maximum statutory rate.

7. For reasonable attorneys' fees as allowed by law, according to proof;

8. For reasonable costs and pre and post judgment interest, according to proof;

9. Injunctive relief to address the continuing wrongs alleged herein; and

10. For such other and further relief as the Court may deem just and proper.

Dated: July 25, 2012

EDGE LAW GROUP

By: _____
Allen J. Baden

Attorney for Plaintiffs
FARALLON RISK GROUP, LLC and
CARY SHOLER

-11-
**FARALLON RISK GROUP'S FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated: July 25, 2012                Edge Law Group

By: _____
     Allen J. Baden

Attorney for Plaintiffs
FARALLON RISK GROUP, LLC and
PLAINTIFF CARY SHOLER